**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNITA SETHI, | No. 12-17215 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06188-WHA |
| v. | |
| SEAGATE US LLC GROUP DISABILITY INCOME PLAN; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco, California

Before: FISHER, RAWLINSON and MURGUIA, Circuit Judges.

Sunita Sethi appeals the district court's grant of summary judgment on her

claims for long term disability benefits under an employee benefits plan governed

by the Employee Retirement Income Security Act (ERISA). We review the district

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court's decision de novo, *see Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 975 (9th Cir. 1999), and Liberty Life Assurance Company's denial of benefits for an abuse of discretion, *see Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). We affirm.

1. Liberty did not abuse its discretion by denying benefits without addressing decisions made in her workers' compensation case. Because Sethi has not shown a conflict between Liberty's decision and the workers' compensation decisions, no further explanation was required. *Cf. Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635-37 (9th Cir. 2009).

2. Liberty did not abuse its discretion by denying benefits without further clarifying Dr. Abaci's opinion. Although Dr. Abaci's original report was ambiguous, Dr. Abaci clarified in his communications with Dr. Kerstman that Sethi was currently capable of sedentary work. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 960 (9th Cir. 2001) (noting that a plan administrator must "develop facts necessary to make its determination").

3. Liberty did not abuse its discretion by relying on its vocational expert. A personal interview was not required under the circumstances. *See Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1216, 1218-19 (9th Cir. 2008); *McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1316-17 (9th Cir. 1994),

2

*abrogated on other grounds as recognized in Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 n.2 (9th Cir. 2008). The expert adequately addressed Sethi's age and educational background. The district court properly declined to consider evidence of Sethi's limited English skills because this evidence was not part of the administrative record. *See Abatie*, 458 F.3d at 969-70.

4. Liberty did not abuse its discretion by terminating Sethi's benefits even though she was scheduled to participate in a functional restoration program authorized by workers' compensation. Under the Plan, Sethi could continue to receive benefits only if she was "unable to perform, with reasonable continuity, all of the material and substantial duties of [her] own or any other occupation for which [she] is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity." When Liberty terminated Sethi's benefits, she was able to perform a range of sedentary work, as shown by her own judicial admissions, her treating physician's opinion and the opinions of a reviewing physician and a vocational expert. Sethi has presented no authority to establish that participation in a rehabilitation program, standing alone, constitutes a disability under the Plan's "any occupation" provision.

5.  Sethi makes a colorable argument that the district court abused its discretion by denying her request to conduct discovery into Liberty's structural conflict of interest.  *See Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir. 2008); *Abatie*, 458 F.3d at 970.  We decline to determine whether the district court erred, however, because any error was harmless.  *See Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1029 (9th Cir. 2010).

6.  Sethi argues for the first time in her reply brief that Liberty's interpretation of the Plan should have been governed by *Erreca v. Western States Life Insurance Co.*, 121 P.2d 689, 694 (Cal. 1942), and that the case should have been remanded to Liberty for supplementation of the record with additional Plan documents in accordance with 29 C.F.R. § 2560.503-1(h)(2)(iii) and (m)(8).  Sethi waived these arguments by failing to raise them in her opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**